PER CURIAM.
At the request of the Court, the Florida Bar’s Rules of Judicial Administration Committee has filed an out-of-cycle report of proposed amendments to Florida Rule of Judicial Administration 2.085(e)(1), Trial Court Time Standards. We have jurisdiction. See art. V, § 2(a), Fla. Const; Fla. R. Jud. Admin. 2.130(f).
In Amendments to the Florida Rules of Judicial Administration (2-^year Cycle), 851 So.2d 698 (Fla.2003), the Court adopted amendments to the time standards for juvenile delinquency and dependency hearings. The amendments were proposed by the Rules of Judicial Administration Committee in its regular-cycle report of proposed rules changes. The Steering Committee on Families and Children in the Court (Steering Committee) filed a comment in the prior case suggesting time standards for juvenile delinquency and dependency hearings different from those adopted by the Court. The Steering Committee also urged the adoption of time standards for permanency hearings and termination of parental right proceedings. See id. at 701. At the suggestion of the Chair of the Rules of Judicial Administration Committee at oral argument, the Court referred the Steering Committee’s suggestions to the Juvenile Court Rules Committee for consideration. See id at 701.
After considering the proposals, The Juvenile Court Rules Committee approved the Steering Committee’s proposed time standards for delinquency and dependency hearings as well as a twelve-month time standard for completion of a permanency hearing. Although the Juvenile Court Rules Committee agreed with the Steering Committee that a time standard for termination of parental rights cases was desirable, it did not recommend such a standard because of the uncertainty involved in completing diligent searches for absent parents.
The chairs of the Juvenile Court Rules Committee and the Rules of Judicial Administration Committee agreed that the Rules of Judicial Administration Committee should consider the proposed time standards before they were submitted to the Court. The Rules of Judicial Administration Committee then also approved the proposals and filed the instant report with the Court. The proposed amendments to rule 2.085(e)(1) were published for comment. No comments were filed.
After considering the Steering Committee’s proposed time standards and the rules committees’ approval of the proposals, we amend rules 2.085(e)(l)(E)(Juvenile Delinquency), and 2.085(e)(l)(F)(Juvenile Dependency) as reflected in the appendix to this opinion. We also adopt new rule 2.085(e)(l)(G)(Permanency Proceedings). The new time standards generally reflect time requirements in chapters 39 and 985, Florida Statutes (2004), and are intended to further the goal of expeditiously concluding court proceedings involving children. Additions to the rule are indicated by underscoring; deletions are indicated by struck-through type. The amendments *69 shall become effective January 1, 2005, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 2.085. TIME STANDARDS FOR TRIAL AND APPELLATE COURTS
(a) Purpose. Judges and lawyers have a professional obligation to conclude litigation as soon as it is reasonably and justly possible to do so. However, parties and counsel shall be afforded a reasonable time to prepare and present their case.
(b) Case Control. The trial judge shall take charge of all cases at an early stage in the litigation and shall control the progress of the case thereafter until the case is determined. The trial judge shall take specific steps to monitor and control the pace of litigation, including the following:
(1) assuming early and continuous control of the court calendar;
(2) identifying priority cases as assigned by statute, rule of procedure, case law, or otherwise;
(3) implementing such docket control policies as may be necessary to advance priority cases to ensure prompt resolution;
(4)identifying cases subject to alternative dispute resolution processes;
(5)developing rational and effective trial setting policies; and
(6)advancing the trial setting of priority cases, older cases, and cases of greater urgency.
(c) Priority Cases.
(1) In all noncriminal cases assigned a priority status by statute, rule of proee-dure, case law, or otherwise, any party may file a notice of priority status explaining the nature of the case, the source of the priority status, any deadlines imposed by law on any aspect of the case, and any unusual factors that may bear on meeting the imposed deadlines.
(2) If, in any noncriminal case assigned a priority status by statute, rule of procedure, case law, or otherwise, a party is of the good faith opinion that the case has not been appropriately advanced on the docket or has not received priority in scheduling consistent with its priority case status, that party may seek review of such action by motion for review to the chief judge or to the chief judge’s designee. The filing of such a motion for review will not toll the time for seeking such other relief as may be afforded by the Florida Rules of Appellate Procedure.
(d) Continuances. All judges shall apply a firm continuance policy. Continuances should be few, good cause should be required, and all requests should be heard and resolved by a judge. All motions for continuance shall be in writing unless made at a trial and, except for good cause shown, shall be signed by the party requesting the continuance. All motions for continuance in priority cases shall clearly identify such priority status and explain what effect the motion will have on the progress of the case.
(e) Time Standards. The following time standards are hereby established as a presumptively reasonable time period for the completion of cases in the trial and appellate courts of this state. It is recognized that there are cases that, because of their complexity, present problems that cause reasonable delays. However, most cases should be completed within the following time periods:
(1) Trial Court Time Standards.
*70 (A) Criminal.
Felony — 180 days (arrest to final disposition)
Misdemeanor — 90 days (arrest to final disposition)
(B) Civil.
Jury cases — 18 months (filing to final disposition)
Non-jury cases- — 12 months (filing to final disposition)
Small claims — 95 days (filing to final disposition)
(C) Domestic Relations. Uncontested — 90 days (filing to final disposition)
Contested — 180 days (filing to final disposition)
(D) Probate.
Uncontested, no federal estate tax return — 12 months (from issuance of letters of administration to final discharge)
Uncontested, with federal estate tax return — 12 months (from the return’s due date to final discharge)
Contested — 24 months (from filing to final discharge)
(E) Juvenile Delinquency.
AdjudicatoryDisposition hearing-90120 days (filing of petition or child being taken into custody to hearing)
Ad-iu4ieatoryDisposition hearing (child detained) — 2136 days (date of detention to hearing)
(F) Juvenile Dependency.
Disposition hearing (child sheltered) — 88 days (shelter hearing to disposition)
Disposition hearing (child not sheltered) — 180120 days (filing of petition for dependency to hearing)
(G)Permanency Proceedings.
Permanency hearing — 12 months (date child is sheltered to hearing)
(2) Supreme Court and District Courts of Appeal Time Standards: Rendering a decision — within 180 days of either oral argument or the submission of the case to the court panel for a decision without oral argument
(3) Florida Bar Referee Time Standards: Report of referee — within 180 days of being assigned to hear the case
(4) Circuit Court Acting as Appellate Court:
Ninety days from submission of the case to the judge for review
(f) Reporting of Cases. The time standards require that the following monitoring procedures be implemented:
All pending cases in circuit and district courts of appeal exceeding the time standards shall be listed separately on a report submitted quarterly to the chief justice. The report shall include for each case listed the case number, type of case, case status (active or inactive for civil cases and contested or uncontested for domestic relations and probate cases), the date of arrest in criminal cases, and the original filing date in civil cases. The Office of the State Courts Administrator will provide the necessary forms for submission of this data. The report will be due on the 15th day of the month following the last day of the quarter.